### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**ANDREA A. HALL,**

             **Plaintiff,**           **CIVIL ACTION NO. 05-CV-72019**

       **vs.**                **DISTRICT JUDGE ROBERT H. CLELAND**

**COMMISSIONER OF**          **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SOCIAL SECURITY,**

             **Defendant.**
_____/

### REPORT AND RECOMMENDATION

**RECOMMENDATION:** This Court recommends that Defendant's Motion to Dismiss be GRANTED.

### HISTORY

This is an action for judicial review of the final decision of the Commissioner of Social Security that the Plaintiff was not entitled to Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.

Plaintiff applied for SSI on October 30, 2002. Plaintiff's application was denied in a written opinion by an ALJ on September 17, 2004. On March 12, 2005, the Appeals Council elected not to review the ALJ's decision. The Appeals Council action was the "final decision" of the Commissioner. *See* 20 C.F.R. § 416.1481. Plaintiff, who is represented by counsel, filed an application to proceed *in forma pauperis* on May 19, 2005, and her complaint was filed on May 24, 2005.

Defendant contends that Plaintiff's appeal to this Court is time barred by 42 U.S.C. § 1383(c)(3), which provides in pertinent part that:

> Any individual, after any final decision of the Commissioner made
> after a hearing to which he was a party, irrespective of the amount in
> controversy, may obtain a review of such decision by a civil action
> commenced within sixty days after the mailing to him of notice of
> such decision or within such further time as the Commissioner may
> allow.

For purposes of section 405(g), the "mailing" date is the date an individual receives notice of the Appeals Council's denial of a request for review. *See* 20 C.F.R. § 416.1481, 422.210(c). Unless a contrary showing is made, the "mailing date" is presumed to be five days after the Appeals Council's denial is actually mailed. *See* 20 C.F.R. § 416.1401. Defendant contends that Plaintiff's complaint should have therefore have been mailed no later than May 16, 2005.

In response, Plaintiff contends that the statute of limitations should be equitably tolled. Plaintiff claims that she initially filed this action on May 11, 2005, but that the Clerk's Office refused to accept the filing because Plaintiff incorrectly used a filing form from another district. Plaintiff's attorney claims that he learned that the May 11, 2005 filing had been rejected on May 16, 2005, when the complaint and application to proceed *in forma pauperis* was returned to Plaintiff's attorney. Plaintiff's attorney states that he talked with "Linda in the clerk's office" and that she assured him that timing would not be an issue. Plaintiff's attorney claims that he promptly refiled the complaint and application together on May 19, but that the Clerk's Office recorded the application as having been filed on the 19th and the complaint as having been filed on May 24th.

The sixty day deadline set out by 42 U.S.C. § 1383(c)(3) is susceptible to the doctrine of equitable tolling. *See Bowen v. New York*, 476 U.S. 467, 479 (1986). The following five factors are to be considered in determining the appropriateness in tolling a statute of limitations: 1) the plaintiff's lack of notice of the filing requirement; 2) the plaintiff's lack of constructive knowledge

-2-

of the filing requirement; 3) diligence in pursuing one's rights; 4) an absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the legal requirement for filing the claim. *See Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir.2001). Following the *Bowen* rationale, the Sixth Circuit has placed particular importance on the importance of the first two elements. *See White v. Comm'r of Social Sec.*, 83 Fed.Appx. 70 (6th Cir. 2003) (declining to exercise equitable tolling for a *pro se* Plaintiff where the Social Security notice specifically outlined the sixty day appeal deadline).

Plaintiff's argument here rests entirely on the negligence of her attorney in preparing and filing the proper paperwork in order to meet the 42 U.S.C. § 1383(c)(3) deadline. The Sixth Circuit does not allow a mere attorney negligence claim to trigger equitable tolling in this area:

> Only in cases where the equities in favor of extending the 60-day filing period are so great that deference to the agency's judgment would be inappropriate should the courts extend the time allowed for commencing a civil action. *See Bowen v. City of New York*, 476 U.S. 467, 480 (1986). In the case at bar, while Harveston may have a viable claim for attorney malpractice, his present counsel has not cited this court to any case law supporting his claim that simple attorney negligence has been found to be sufficient cause to extend the sixty-day period of § 405(g).

*Harveston v. Commissioner of Social Security*, 211 F.3d 1269 (Table), 2000 WL 554087 (6th Cir. 2000).

## **RECOMMENDATION**

Defendant's Motion to Dismiss should be GRANTED.

Either party to this action may object to and seek review of this Report and Recommendation, but must act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right

of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505

(6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some

issues but fail to raise others with specificity will not preserve all objections that party might have to this

Report and Recommendation.  *Willis v. Secretary*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n*

*of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Rule 72.1(d)(2) of the *Local Rules*

*of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served

upon this Magistrate Judge.

 Within ten (10) days of service of any objecting party's timely filed objections, the opposing

party may file a response.  The response shall be not more than five (5) pages in length unless by motion

and order such page limit is extended by the Court.  The response shall address specifically, and in the

same order raised, each issue contained within the objections.


Dated: July 26, 2006                             s/ Mona K. Majzoub
                                                 MONA K. MAJZOUB
                                                 UNITED STATES MAGISTRATE JUDGE



**<u>Proof of Service</u>**

 I hereby certify that a copy of this Report and Recommendation was served upon Andrea Hall
and Counsel of Record on this date.

Dated: July 26, 2006                             s/ Lisa C. Bartlett
                                                 Courtroom Deputy

-4-