**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ANDREA A. HALL,

    Plaintiff,

v.                                          Case No. 05-CV-72019-DT

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S OBJECTIONS,
REJECTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
DENYING DEFENDANT'S MOTION TO DISMISS,
AND REFERRING MATTER BACK TO THE MAGISTRATE JUDGE**

On July 27, 2006, Magistrate Judge Mona K. Majzoub issued a report and recommendation in the above-captioned matter, recommending that the court grant Defendant Commissioner of Social Security's "Motion to Dismiss for Failure to State a Claim." On August 4, 2006, Plaintiff filed timely objections to the Magistrate Judge's report and recommendation. For the reasons stated below, the court will grant Plaintiff's objections, reject the report and recommendation, and deny Defendant's motion to dismiss. This matter will be referred back to the magistrate judge for further proceedings.

**I. BACKGROUND**

Plaintiff applied for Supplemental Security Income ("SSI") on October 30, 2002. The Administrative Law Judge ("ALJ") denied her claim on September 17, 2004. On March 12, 2005, the Appeals Council elected not to review the ALJ's decision. Under 42 U.S.C. § 405(g), Plaintiff had 60 days from the date that Plaintiff received notice of Appeals Council's decision to file an action in this court. *See also* 20 C.F.R. §

416.1481.  Plaintiff is presumed to have received notice "5 days after the date on the notice, unless [she shows] that [she] did not receive it within the 5-day period." 20 C.F.R. § 416.1401.  Thus, Plaintiff is deemed to have received notice of the March 12, 2005 decision on March 17, 2005, and had 60 days, or until May 16, 2005 to file her complaint.

Plaintiff filed an application to proceed *in forma pauperis* (the "application") and a complaint.  Despite the fact that Plaintiff has provided evidence that she submitted both documents at the same time, her application was docketed on May 19, 2005 and her complaint was docketed on May 24, 2005.  (*See* May 19, 2006 letter, attached to Pl.'s Ans. to Def.'s Mot. to Dismiss.)  Thus, Plaintiff's complaint was filed eight days past the 60-day deadline.  Even if the court were to deem the complaint to have been filed on the same day as the application, May 19, it was still filed three days past the deadline.

On August 8, 2005, Defendant filed a motion to dismiss, arguing that Plaintiff's complaint must be dismissed for failure to file within the deadline.  The magistrate judge agreed with Defendant and, on July 27, 2006, issued her report and recommendation, in which she found that Plaintiff did not timely file her complaint and the doctrine of equitable tolling did not apply.  (R&R at 3.)

Plaintiff timely filed objections, which requires this court to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  In her objections, Plaintiff does not substantively disagree that her complaint was filed after the

expiration of the 60-day period,[1] but argues that the magistrate judge erred in concluding that the doctrine of equitable tolling did not apply in this case.

## II.  DISCUSSION

In her report and recommendation, the magistrate judge correctly identified the five-factors to consider when determining whether to apply equitable tolling to extend a limitations period:

> (1) the [plaintiff's] lack of notice of the filing requirement; (2) the [plaintiff's] lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the [defendant]; and (5) the [plaintiff's] reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001) (citing *Andrews v. Orr*, 851 F.2d 146 (6th Cir.1988), *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)).  The court agrees with Plaintiff, however, that the magistrate judge erred in her application of this standard to the facts of this case.

Plaintiff argues that she attempted to file her complaint on May 11, 2005, five days before the 60-day deadline expired, but the clerk's office rejected that pleading because "of some paperwork snafu" associated with her application to proceed *in forma pauperis.*  (Obj. at 1.)  Plaintiff claims that her attorney's legal assistant spoke with "Linda" in the clerk's office, who assured her that the time limitation would not be an

---

[1] Plaintiff attempted to file her complaint on May 11, 2005, but it was rejected by the clerk's office.  In her objections, Plaintiff states that "[i]t can be argued that Plaintiff established a protective filing date of May 11, 2005."  Plaintiff does not provide any further argument to explain what is meant by "protective filing date" or any authority for the proposition that a complaint is "filed" on the date that filing is attempted, rather than the date that filing is effectuated.  The court therefore rejects any intimation that the complaint was filed on May 11, 2005.

3

issue because the complaint had originally been "filed" in a timely manner. (Pl.'s Ans. to Def.'s Mot. to Dismiss at 1.) Plaintiff's counsel received the paperwork back on May 16, 2005, and re-filed the initial pleadings along with the correct financial form on May 19, 2005. (Obj. at 2.)

The magistrate judge found that these facts did not establish a basis for the court to equitably toll the 60-day limitation. (R&R at 3.) Specifically, the magistrate judge held that "Plaintiff's argument here rests entirely on the negligence of her attorney in preparing and filing the proper paperwork in order to meet the 42 U.S.C. § 1383(c)(3)[2] deadline" and that "mere attorney negligence" cannot trigger equitable tolling. (*Id.*) In so holding, the magistrate judge cited *Harveston v. Commissioner of Social Security*, No. 99-5832, 2000 WL 554087 (6th Cir. Apr. 28, 2000), an unpublished case in which the Sixth Circuit declined to apply equitable tolling when the plaintiff filed his complaint three and a half months beyond the 60-day deadline. The court stated that "while [the plaintiff] may have a viable claim for attorney malpractice, his present counsel has not cited this court to any case law supporting his claim that simple attorney negligence has been found to be sufficient cause to extend the sixty-day period of § 405(g)." *Id.* at *2.

The court finds that *Harveston* is distinguishable from the facts of this case. In *Harveston*, the plaintiff made no attempt to file his complaint within the 60-day period, aside from a few calls to his attorney to see if the complaint had been filed. *Id.* at *1. Finally, the plaintiff fired his attorney and hired another one who sought an extension of time. *Id.* In seeking the extension, however, the plaintiff failed to provide any

---

[2]Twice, the magistrate judge referred to 42 U.S.C. § 1383(c)(3) for the 60-day deadline. (R&R at 1-2, 3.) The deadline, however, is not found in that statutory provision but rather in 42 U.S.C. § 405(g).

4

explanation for his three and a half month delay in obtaining a new counsel to pursue his rights. *Id.* In this case, however, Plaintiff acted diligently in pursuing his rights.

Indeed, the bulk of the factors the court considers when determining whether to apply equitable tolling weigh in favor of Plaintiff. There does not appear to be any dispute that Plaintiff knew of the 60-day deadline; thus the first two factors weigh against equitable tolling. *See Dunlap*, 250 F.3d at 1008 (listing first two factors as lack of notice and lack of constructive knowledge of the filing requirement). The court finds, however, that the remaining factors weigh in favor of equitably tolling the 60-day period. First, unlike in *Harveston*, in this case Plaintiff exercised diligence in pursuing her claim. Plaintiff's counsel attempted to file the complaint five days before the expiration of the 60-day deadline. While Plaintiff's counsel is clearly at fault for failing to organize the filing correctly, the *attempted* filing nonetheless displays a diligence in pursuing Plaintiff's rights. Moreover, Plaintiff corrected her mistake and re-filed the complaint within three days after receiving the paperwork back from the clerk's office. The fact that counsel relied, however mistakenly, on misguided information from the clerk's office further regarding the timeliness of the complaint softens, to some extent, Plaintiff's failure to file the complaint within the 60-day deadline, and arguably implicates the fifth equitable tolling factor (reasonableness in remaining ignorant of the legal requirement for filing her claim). *Dunlap*, 250 F.3d at 1008. Finally, Defendant has not articulated any reason, and it is difficult for the court to conceive, how Plaintiff's three to eight day delay in filing her complaint caused Defendant to suffer any prejudice. *See Salins v. City of Dayton,* 624 F.Supp. 632 (S.D. Ohio 1985) ("Prejudice for purposes of the doctrine of equitable tolling means the disposal of evidence and the inaccessibility of

witnesses, the dimming of recollections and other disadvantages incident to the lapse of time.").

In sum, after balancing the relevant factors, the court concludes that this case presents one of the relatively rare situations where equitable tolling is appropriate. Although the court has considered all the factors, the court is persuaded primarily by the diligence displayed by Plaintiff and the lack of prejudice experienced by Defendant. Plaintiff presented a deficient pleading within the limitations period and subsequently corrected the deficiency within less than two weeks. The Supreme Court has indicated that in such circumstances equitable tolling is appropriate. *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96 (1990) ("We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period . . . ."); *see also Burnett v. New York Central R.R. Co.*, 380 U.S. 424 (1965) (tolling limitation period where plaintiff timely filed complaint in wrong court).

Accordingly, the court will reject the magistrate judge's report and recommendation, deny Defendant's motion to dismiss, and refer the matter back to the magistrate judge for further proceedings.

### III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's August 4, 2006 objections [Dkt. # 10] are GRANTED and the Magistrate Judge's July 27, 2006 Report and Recommendation [Dkt. # 9] is REJECTED.

IT IS FURTHER ORDERED that Defendant's "Motion to Dismiss for Failure to State a Claim" [Dkt. # 5] is DENIED.

Finally, this matter is REFERRED back to Magistrate Judge Mona Majzoub for determination of all nondispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A) and issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B)&(C).

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: November 21, 2006


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 21, 2006, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522